Meyer, J.
(dissenting). The Appellate Division vacated the Family Court order, with the statement that it did so on the law. This is not a case like Jump v Jump (49 NY2d 783), in which the memorandum at the Appellate Division in discussing the weight of the evidence made clear that its reversal was not, as stated, “on the law”, but on the facts. Vacatur having been stated to be “on the law”, the factual findings of the Family Court are presumed not to have been considered (CPLR 5612, subd [a]), and the Appellate Division memorandum which recites some, but not all, of the facts found by the Family Court without disagreeing with them, does not, like the Jump memorandum, overcome the statutory presumption.
The courses open to the Appellate Division on an appeal *812 from a support order involve the facts, the law and the exercise of discretion. It may reject the lower court’s findings of fact and make new findings on the basis of which it may then affirm; or since it exercises the same powers as the lower court, raise, lower or eliminate the award in the exercise of discretion, notwithstanding that the lower court order could not be said to be an abuse of discretion; or it may conclude on the basis of the facts newly found by it that the award was so erroneous that no court could properly have made it and reverse on the law and the facts.
When the Appellate Division’s ruling is made on the law, ' rather than on the law and the facts, however, it necessarily accepts the Family Court’s findings as true, in much the same way that in passing on whether a complaint states a cause of action it must accept as true the allegations of the complaint. Having accepted the facts as found, it may affirm the award as based upon the proper standard and not an abuse of discretion; alter the award in the exercise of its own discretion, because though it accepts the facts found it believes that sound discretion calls for a different result; or hold, as did the Appellate Division in this case, that on the facts found below, no court applying the required standard of law could reach the conclusion adopted by the trial court.
Here the Appellate Division held petitioner entitled to no award because of her earning ability, the short duration of the marriage, the fact that it was a childless marriage, and the facts that she was living alone in the marital home and had $2,600 in the bank and the use of an automobile. Though not disagreeing with the Family Court’s findings that petitioner’s income was $108 per week less than her needs and that respondent was capable of paying any reasonable amount of support ordered, it failed to consider those facts. Yet considering the difference in means and needs of the parties, it cannot be said that the Family Court in awarding petitioner support either applied an incorrect standard or abused its discretion as a matter of law. Moreover, in view of that difference and its statement that it was acting on the law, it cannot be supposed that the Appellate Division in vacating the award was substituting its discretion for that of the Family Court.
*813 In concluding as a matter of law that an award of support was unwarranted on the facts found by the Family Court, the Appellate Division erred on the law. The matter should, therefore, be remitted to the Appellate Division for consideration of the facts or for the exercise by it of its discretion.
Order affirmed, etc.